**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TONY A. JORDAN,**

    **Plaintiff,**

**v.**                                                            **Case No. 8:15-cv-391-T-36TBM**

**DEFENSE FINANCE AND
ACCOUNTING SERVICE, et. al,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on referral on **Plaintiff's Motion for Preliminary Injunction** (Doc. 12) and Defendants' response in opposition (Doc. 26).[1]  For the reasons set forth herein, I recommend that the motion be **denied.**

**I.**

**A.**

Plaintiff, who is proceeding *pro se*, filed the instant action on February 24, 2015, against the Defendants, the Defense Finance and Account Service ("DFAS"), the Defense

---

[1] Also referred is **Plaintiff's Proof of Service for Complaint and Motion for Preliminary Injunction** (Doc. 23).  However, upon review of this document, it simply purports to provide notice that the Complaint and the Motion for Preliminary Injunction have been served upon Defendants and does not ask for relief separate and apart from the Complaint (Doc. 1) or Motion for Preliminary Injunction (Doc. 12).  To the extent that Plaintiff's Proof of Service for Complaint and Motion for Preliminary Injunction (Doc. 23) can be read as a motion, such should be **denied.**
And, **Plaintiff's Motion for Leave to File Motion for Expedited Ruling Granting Plaintiff's Motion for Preliminary Injunction Unopposed** (Doc. 24) is addressed by separate Order.

Office of Hearings and Appeals ("DOHA"), and the United States of America, seeking relief pursuant to the Administrative Procedures Act, the Debt Collection Improvement Act of 1996, the Federal Declaratory Judgment Act, the All Writs Act, the Federal Tort Claims Act, and the Fifth and Fourteenth Amendments.  (*See* Doc. 1).  While Defendants' Motion to Dismiss (Doc. 25) was pending, Plaintiff filed an Amended Complaint (Doc. 32).

The Amended Complaint, which is largely the same as the original Complaint, sets forth a lengthy chronological history which culminated in the filing of this action.  In short, Plaintiff contends the DFAS unlawfully established and collected an invalid debt.  A brief synopsis of the general allegations follows.

Plaintiff Tony A. Jordan, a Lieutenant Colonel in the Army Reserves,[2] received initial orders to active duty and assigned to Headquarters Central Command ("CENTCOM") at MacDill Air Force Base in November 2003.  His assignment was extended several times through April 29, 2008.  (Doc. 32 at ¶¶ 6, 11, 13).

From May 1, 2004, through April 29, 2008, Plaintiff was entitled to mortgage interest, property taxes, and utility allowances under the Joint Federal Travel Regulation.  (*Id.* at ¶ 10).  In January of 2008, DFAS sent a report of possible lodging fraud by Plaintiff to the Criminal Investigative Division of the United States Army ("CID"), which, on February 28, 2008, commenced an investigation.  (*Id.* at ¶¶ 7-8).  In February 2009, the Court Martial Convening Authority ("CMCA") disposed of the matter administratively admonishing Plaintiff for "poor judgment."  Rather than determine that Plaintiff was indebted to the

---

[2]Plaintiff served in the Army Reserves from March 16, 1981, until September 7, 2014.  (Doc. 1 at ¶ 1).

2

government, it stated that Plaintiff was possibly entitled to more than he received. (*Id.* at ¶ 16).

On July 10, 2009, DFAS, without authority, established a debt and issued two debt notices to Plaintiff in the total amount of $106,051.21. (*Id.* at ¶ 15). From August through October 2009, Jordan repeatedly requested that DFAS adhere to his due process rights. (*Id.* at ¶ 17). In October 2009, (improper) collection of Jordan's debt through salary offset of $750 per pay period began. (*Id.* at ¶ 18). Jordan did not receive notice of the offset, nor did he consent to same. (*Id.*). Jordan appealed to DFAS several times over the next few years, but DFAS in each determination refused to cease collection action and return pay and entitlements. (*Id.* at ¶¶ 20-28). Jordan sent a copy of his appeal to DFAS in December 2013, which DFAS received in January of 2014. (*Id.* at ¶¶ 28, 29). On April 16, 2014, DFAS issued an administrative report, which Plaintiff again timely appealed in May 2014. (*Id.* at ¶ 34).

In April 2014, Plaintiff also filed an Army Claim (no. 14-201-T058) with the Claims Divisions of the Office of the Staff Judge Advocate, Fort Knox, Kentucky, for "violation of his statutorily protected property rights to military pay, allowances, and entitlements." (*Id.* at ¶ 33). The claim was denied in August 2014. (*Id.* at ¶ 37).

Also in April 2014, Jordan filed a civil action in this District, Case No. 8:14-cv-958-T-33TGW, which was dismissed in September 2014. Several of the counts were dismissed for lack of subject matter jurisdiction and the due process counts were dismissed with prejudice. (*Id.* at ¶¶ 35, 38; *see also Jordan v. Defense Finance and Accounting Services, et al.*, Case No. 8:14-cv-958-T-33TGW, Doc. 50).

3

On February 26, 2015, Plaintiff received a decision from DOHA dated February 19, 2015, by which he was allowed $6,513.80 for mortgage interest as lodgings for February 2008, March 2008, and April 2008. (*Id.* at ¶ 41).

Throughout much of this period, Plaintiff served on active duty. In October 2014, he received final payment for performance of duty reflecting the amount of pay and entitlements that DFAS had withheld. (*Id.* at ¶ 46). Between October 7, 2009, and October 29, 2014, DFAS, without legal authority, withheld portions of Plaintiff's pay, entitlements, and allowances in the total amount of $88,578.33. (*Id.* at ¶ 49).

The Amended Complaint purports to set forth eight claims: (1) Violation of the Administrative Procedures Act for prior offset of salary and other payments; (2) Violation of the Administrative Procedures Act for failure to provide copies of documents and permit hearing on debt; (3) Violation of the Administrative Procedures Action for arbitrary and capricious determination of DOHA reviewing official; (4) Violation of 5 U.S.C. § 5514 for installment deduction for indebtedness to the United States; (5) Conversion; (6) Unreasonable Delay; (7) Unconstitutional Taking under the Fifth Amendment; and (8) Unjust Enrichment. (Doc. 32).

Defendants have filed a Motion to Dismiss the Amended Complaint (Doc. 35), which remains pending before the district judge.

**B.**

By the instant verified Motion for Preliminary Injunction (Doc. 12), Plaintiff realleges many of the same allegations set forth above and urges the impropriety of the government taking of his wages in the absence of pre- or post-deprivation hearings. Plaintiff

seeks to enjoin Defendant DFAS from further collections actions against him; requests that all pay and entitlements unlawfully withheld be released; requests that Defendants be ordered to cease and desist all other practices that are constitutionally prohibited; and that the court restore the *status quo* to that of October 2, 2009.

Plaintiff claims that he satisfies the four requirements necessary to impose a preliminary injunction. In brief, he asserts that he is substantially likely to prevail on his Fifth Amendment takings claim and on his claim of taking an amount in excess of what would have been lawful because he was denied pre- and post-deprivation hearings. In support, he cites a series of cases. (Doc. 12 at 7-10). He claims irreparable harm in the taking of the $88,578.33. He does not outline an immediate irreparable injury but fears further prospective violations and claims he will suffer harm in his ability to pursue this action due to dwindling resources. (*Id.* at 10-14). Moreover, in terms of balancing the harms, requiring the government to postpone seizure until after hearing creates no significant hardship on the government, nor will granting an injunction to prevent the wrongful taking of his property disserve the public purpose. (*Id.* at 14-19*)*.

In response (Doc. 26), Defendants oppose the entry of a preliminary injunction. They cite certain additional facts including a statement by Plaintiff given in February 28, 2008, in a U.S. Army interview wherein he purportedly admitted to submitting travel vouchers in an attempt to defraud the government. In short, they rely on the arguments made in the motion to dismiss (Doc. 25) and contend that Plaintiff is unable to establish any of the four elements necessary to grant a preliminary injunction. They contend that Plaintiff is not substantially likely to succeed on the merits given the jurisdictional defects which should

5

result in dismissal of Counts I-III, VI, and VII.  Moreover, he cannot prevail on the due process claim in Count IV, because he has no property interest in payments received to which he was not entitled to and because any due process error in these circumstances was harmless.  And, he is collaterally estopped from maintaining the action for conversion given the prior decision that he had no property interest in the money at issue.  Moreover, Plaintiff cannot establish irreparable harm.  To do so requires Plaintiff to show that there is no adequate remedy at law and Plaintiff cannot do this.  Indeed, his claims outline only economic harm which can be remedied by monetary damages.  As for the balancing of harms, here the injury to each side is purely monetary and Plaintiff cannot show greater threatened injury in the absence of an injunction.  As for the public interest, the government has an interest in conserving scarce fiscal resources and, in any event, returning money obtained by fraud does not serve the public interest.  (*Id.* at 5-10).

## II.

Rule 65 of the Federal Rules of Civil Procedure governs the entry of a preliminary injunction.  The purpose of a preliminary injunction is to maintain the *status quo* until the court can enter a final decision on the merits of the case.  *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).  A party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.  *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quotations omitted).

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)). The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1179 (11th Cir. 2000) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)). A plaintiff may support its motion for a preliminary injunction by setting forth allegations of specific facts in affidavits. M.D. Fla. R. 4.06(b)(2), 4.06(b)(3). In considering a motion for preliminary injunctive relief, a district court may rely on affidavits and hearsay materials that would not be admissible as evidence for entry of a permanent injunction. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

### III.

As noted, Plaintiff requests that the Court "enjoin DFAS from further collection actions, release all pay and entitlements unlawfully withheld for the purpose of this invalid collection and cease and desist all other practices which are constitutionally prohibited and restore the status quo, which was unlawfully upset on October 2, 2009." (Doc. 12 at 19-20). As an initial matter, while I render no opinion on the merits of the pending motion to dismiss, it appears the case that most, if not all, of the counts are subject to dismissal on jurisdictional grounds and/or on the basis of collateral estoppel or res judicata.

According to the instant motion, Plaintiff claims the likelihood of success on his claims for Fifth Amendment takings and the conversion of amounts in excess of what was lawful. On these claims, the government's response demonstrates that the Court of Federal

Claims, rather than this Court, is the proper forum for these claims under federal law. (*See* Doc. 26 at 6, citing *McCarron v. U.S.*, 84 Fed. Cl. 616, 618 (Fed. Cl. 2008); and *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016-17 (1984)). By my consideration of the matters presented, Plaintiff fails to show a substantial likelihood of success on the merits of the claims.

Nor can he demonstrate that he is without an adequate remedy at law or that he faces a substantial threat of irreparable harm in the absence of a preliminary injunction. As urged by the government, while Plaintiff seeks declaratory and injunctive relief, his claims center on the recovery of monies wrongfully taken from him. He makes no showing that his remedies at law on such claim are inadequate.

Moreover, by his allegations, the offsets taken from Plaintiff's pay occurred from October 7, 2009, through October 29, 2014, and totaled $88,578.33. Mr. Jordan received his final payment on October 29, 2014, for his active duty through September 7, 2014. He is now retired and he does not allege, much less demonstrate, that the Defendants have continued to withhold payments due to him or otherwise have sought to collect additional monies from him since that time. Thus, even by his allegations, all collections efforts appear to have ceased as of October 29, 2014. Nor does he articulate the alleged ongoing "other practices which are constitutionally prohibited" that he seeks to enjoin. And, Plaintiff's assertions that he suffered, and will continue to suffer, irreparable harm, by the government's refusal to return this money does not set forth the type of harm necessary to support the claim for injunctive relief.

"Preliminary injunctive relief derives from the necessity to restrain or compel conduct in those extraordinary situations where irreparable injury might result from delay or inaction." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1133 (11th Cir. 2005) (citing *United Bonding Ins. Co. v. Stein,* 410 F.2d 483, 486-87 (3d Cir. 1969). Thus, "[a] showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (citations and quotation omitted). The asserted irreparable harm must be actual and imminent, rather than remote and speculative. *Id.* Further, because injunctions regulate future conduct, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (emphasis in original)). "Thus, a preliminary injunction is completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d at 1133.

Here, Plaintiff has not demonstrated a threat of continuing irreparable harm. All of the harm asserted is retrospective, not prospective, and may be adequately remedied by an action at law for damages. The offsets of which Plaintiff complains ceased on October 29, 2014, and Plaintiff has not alleged any continuing action or imminent threat that additional collections efforts will occur. In sum, Plaintiff fails to demonstrate the requisite irreparable harm necessary to warrant the issuance of a preliminary injunction.

For these reasons, I conclude that the motion for preliminary injunction (Doc. 12) is appropriately denied.[3]

## IV.

Accordingly, upon consideration, it is **RECOMMENDED** that **Plaintiff's Motion for Preliminary Injunction** (Doc. 12) be **DENIED.**

Respectfully submitted this
17th day of September 2015.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

---

[3]On the above finding, this Court need not evaluate the remaining requirements for injunctive relief. I do note simply that consideration of these factors does not alter my conclusion that Plaintiff does not demonstrate the need or appropriateness of preliminary injunctive relief on this motion.

10

Copies to:
The Honorable Charlene E. Honeywell, United States District Judge
*Pro se* Plaintiff
Counsel of Record