UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY A. JORDAN,

      Plaintiff,

v.                                                                    Case No: 8:15-cv-391-T-36TBM

DEFENSE FINANCE AND
ACCOUNTING SERVICES, DEFENSE
OFFICE OF HEARINGS AND APPEALS
and UNITED STATES OF AMERICA,

      Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas B. McCoun III on September 17, 2015 (Doc. 45). In the Report and Recommendation ("R&R"), Magistrate Judge McCoun III recommends that Plaintiff's Motion for Preliminary Injunction (Doc. 12) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Doc. 46) and Defendants responded to those objections (Doc. 47).

## **DISCUSSION**

A party seeking entry of a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011)

(quotations omitted). Judge McCoun found that Plaintiff failed to establish the second element – a substantial threat of irreparable injury – because all of the damages he complains of are monetary.

Plaintiff's first objection relates to whether this Court or the Court of Federal Claims has jurisdiction over this action. While Judge McCoun mentioned that some of Plaintiff's claims may be subject to dismissal for jurisdictional purposes, he did not rely on this possibility as a reason for denying the motion for preliminary injunction. Rather, Judge McCoun found that Plaintiff had not established that he was facing a threat of irreparable harm. Thus, this objection is overruled.

Second, Plaintiff objects by stating that Defendants' "unauthorized collections" are ongoing and he provides additional facts regarding a letter he received on April 10, 2015 from a Defendant. However, he still does not offer proof of irreparable injury as the only harms complained of are monetary. "A showing of irreparable injury is the '*sine qua non*' of injunctive relief." *7-Eleven, Inc., v. Kapoor Bros. Inc.,* 977 F. Supp 2d 1211, 1226 (M.D. Fla. 2013). *See also Sampson v. Murray*, 415 U.S. 61, 88 (1974). ("The basis of injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies."). In order for a Plaintiff to prove that harm is "irreparable" he must prove that he would have no other adequate legal remedy to obtain compensatory damages at the conclusion of a lawsuit if he were to win. *Id.* at 94 ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Morris Comm. Corp. v. PGA Tour, Inc.,* 117 F. Supp. 2d 1322, 1330 (M.D. Fla. 2000) ("To demonstrate irreparable harm, a plaintiff must show that it has no adequate remedy at law, meaning that its injury cannot be undone through monetary remedies.") (internal quotations omitted).

In Plaintiff's third objection he argues that he should be granted a preliminary injunction because he has shown that he was deprived of his due process rights and an injunction would "reestablish the *status quo*." He requests that all funds collected from his pay be returned and that

all collection actions cease while the case is pending. Plaintiff suggests that the Court follow the holding of an Administrative Law Judge in *Helman v. U.S. Dep't of Veterans Affairs* (Dkt. 36-1 at p. 17). However, the judge in *Helman* does not indicate that he was analyzing a request for injunctive relief and, therefore, did not determine that there was irreparable harm. Thus, the *Helman* decision is irrelevant here.

In his fourth objection, Plaintiff argues that the R&R ignores the doctrine of *stare decisis* because the cases cited by Judge McCoun, with the exception of one, are not from the United States Supreme Court. Plaintiff then goes on to list a number of U.S. Supreme Court cases without indicating how such cases are relevant here. Plaintiff claims that the Supreme Court "has ruled that there is no adequate remedy at law even with the later award of damages", but offers no citation for such holding. Plaintiff offers quotes from *Los Angeles v. Lyons,* 461 U.S. 95 (1983) that relate to whether a violation of procedural due process has occurred and whether the conduct of a defendant creates a case or controversy regarding injunctive relief. These legal issues are irrelevant to the reason for denial of Plaintiff's Motion for Preliminary Injunction – his inability to show irreparable harm.

Finally, Plaintiff objects to the Court's consideration of Defendants' response because he argues it was untimely. However, Defendants were under no obligation to respond to Plaintiff's Motion for Preliminary Injunction until seven days before a hearing set by the Court (*see* Local Rule 4.06(b)(3)), unless the Court ordered otherwise. Defendants filed their response prior to any hearing being set or response being ordered by the Court. Thus, the response was timely. Furthermore, even if the Court disregards Defendants' response, the Motion for Preliminary Injunction would still be denied because Plaintiff has failed to present evidence of irreparable harm.

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *ACLU of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009)). The entry of a preliminary injunction is "the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1179 (11th Cir. 2000) (quoting *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)). After consideration of Plaintiff's motion and objections, this Court finds that there is no evidence that Plaintiff will suffer an irreparable injury absent a preliminary injunction. Because the Plaintiff has not presented any evidence that he is at risk of irreparable harm, his motion for preliminary injunction must be denied.

Upon consideration of the Report and Recommendation, the objections, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.  Accordingly, it is now

**ORDERED AND ADJUDGED**:

(1)     The Report and Recommendation of the Magistrate Judge (Doc. 45) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2)     Plaintiff's objections to the Report and Recommendation (Doc. 46) are overruled.

(3)     Plaintiff's Motion for Preliminary Injunction (Doc. 12) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on October 20, 2015.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:

The Honorable Thomas B. McCoun III
Counsel of Record
Unrepresented parties